**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>COOK COUNTY SHERIFF'S OFFICE, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 26 CV 1527<br><br>Judge John Robert Blakey |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Cook County Sheriff's Office ("CCSO"), and Individual Defendants Thomas Dart, Sheriff of Cook County, Adriana Morales, Allan Pineda, Eric Harris, Carmen Ruffin-Bonhart and Lasharme Collins, (collectively "Defendants") by their attorney, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Assistant State's Attorney, Emily R. Bammel, move this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and state the following in support thereof:

## INTRODUCTION

Jesse Lopez, Plaintiff, initiated this lawsuit on February 10, 2026. Dkt. 1. Plaintiff's Complaint brings three claims: (1) First Amendment Retaliation under 42 U.S.C. §1983 freedom of speech, (2) Illinois Whistleblower Act ("IWA") Retaliation, and (3) violation of the Illinois Personnel Record Review Act, against the Cook County Sheriff's Office ("CCSO") and the following Individual Defendants: Sheriff Thomas Dart, in his official and individual capacity, Adriana Morales, Allan Pineda, Eric Harris, Carmen Ruffin-Bonhart, and Lasharme Collins.

Defendants move to dismiss all counts because Plaintiff did not properly plead a First Amendment Retaliation claim as a public employee pursuant to Section 1983 against all Defendants, including *Monell* liability, nor sufficient personal involvement as to each Individual Defendant;

Plaintiff's IWA claim fails because it was not sufficiently pled and the Individual Defendants are protected under Qualified Immunity; and Plaintiff's Illinois Personnel Record Review Act claim fails because he relies on legal conclusions and he failed to exhaust state remedies. Plaintiff's request for punitive damages against the CCSO must be stricken as a matter of law.

**FACTUAL BACKGROUND**[1]

Plaintiff began his employment with the CCSO as Deputy Sheriff assigned to Cook County Jail ("CCJ") on April 7, 1997, before he was promoted to Investigator in the Electronic Monitoring Unit ("EM"). Dkt. 1, ¶16-17. As an Investigator in the EM Unit, Plaintiff was responsible for monitoring the activities and conducting investigations and checks of EM participants, among additional tasks, while reporting to EM supervision and command staff Executive Director Carmen Ruffin, Director Lesharme Collins, Executive Director Allan Pineda, and Assistant Director Eric Harris. *Id.* ¶18-20. In 2019, Plaintiff was involved in an investigation against Individual Defendants Ruffin and Collins regarding an allegation of an illegal search and seizure practice within the EM unit. *Id.* ¶21-23. Plaintiff alleges he was thereafter subjected to a pattern of retaliatory disciplinary actions. *Id.* ¶24.

On October 8, 2024, Commissioner Frank Aguilar  held a local meeting to discuss the issue of transferring the EM program from the CCSO to the Office of the Chief Judge of the Circuit Court of Cook County, that Plaintiff attended as a concerned resident of Cook County, and out of concern for the safety of his friends and family residing there. *Id.* ¶25-30. Plaintiff spoke at the meeting on his concerns for increased violence and danger to the county if the transfer occurred, and was questioned about the position presented by Sheriff Thomas Dart. *Id.* ¶31-33. Concerned about how answering

[1] The below facts as alleged are construed in the light most favorable to Plaintiff, and presumed to be true for purposes of this motion only.  *See Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citation omitted); *Smith v. City of Chicago,* 3 F.4th 332, 334 (7th Cir 2021).

would affect his employment with CCSO, Plaintiff was hesitant to respond, but ultimately stated his belief that statements by Sheriff Dart and other CCSO Executive Staff were false and misleading, and explained why he believed the public would be in danger based on safety issues. *Id.* ¶34-40.

Sheriff Dart and other CCSO staff appeared before the Cook County Board of Commissioners on the issue on November 21, 2024. Sheriff Dart also made statements on WGN News and other news outlets on December 18, 2024 related to the Sheriff's limitations under the law to enforce and administer EM programs, which Plaintiff alleges were knowingly false and without lawful authority. *Id.* ¶43-44. The following year, the CCSO EM unit was provided continuing education on the EM system and devices, through Track Group by A.J. Gigler. *Id.* ¶45. After class on January 15, 2025, Plaintiff spoke with Gigler, exchanging contact information; Gigler offered to assist with any questions or concerns on the EM equipment or system. *Id.* ¶45-47.

On February 5, 2025, Plaintiff had a phone call with Commissioner Aguilar, who expressed concerns about Sheriff Dart's statement that the EM devices were off for two-days' time, which would allow a person in custody to be in the public without supervision, and the negative impact transferring the program would make on public safety. *Id.* ¶48-49. Plaintiff, again concerned about the impacts of his job at CCSO, told Commissioner Aguilar his belief that Sheriff Dart and other CCSO staff had committed perjury in their public statements and to the Cook County Board about the EM program and its changes, and that the individuals are always monitored because the devices are not shut off for two-days' time. *Id.* ¶50-53. Plaintiff also offered to connect the Commissioner with Mr. Gigler. *Id.* ¶54-57. Plaintiff alleges that CCSO learned Plaintiff had put Gigler in touch with the Commissioners, and he was subsequently retaliated against by being told by Defendant Pineda that he would soon be transferred and de-deputized. Plaintiff alleges this occurred on February 11, 2015, and that he was re-assigned duties as a janitor/ laborer, responsible for cleaning, and at one point had to "hand" shovel snow from the sidewalk. *Id.* ¶58-65. Plaintiff also alleges that in retaliation, he was told to report to

the Daley Center on February 14, 2025, where he was forced to sit and wait before completing clerical duties. *Id.* ¶68.

On August 28, 2025, Plaintiff was informed that disciplinary action was sustained against him and issued a 21-day suspension; he alleges this is retaliatory based on CCSO Office of Professional Review ("OPR") Investigator Luis Carrillo's failure to conduct a proper investigation by not interviewing Commissioner Aguilar. *Id.* ¶71-72. Plaintiff asserts this retaliation he suffered was due to speaking out. *Id.* ¶73.

## STANDARD OF REVIEW

A complaint is properly dismissed under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court must assume as true all well-pleaded allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See, e.g., Gibson v. City of Chicago*, 910 F. 2d 1510, 1520-21 (7th Cir. 1990). Complaints merely making legal conclusions or "formulaic recitation of elements of a cause of action," lacking any further factual enhancement, are insufficient to defeat a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a [P]laintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F. 2d 194, 198 (7th Cir. 1985) (citations omitted). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *See R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F. 2d 279, 281 (7th Cir. 1989). Furthermore, a court is not "required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F. 3d 277, 281 (7th Cir. 1994) (internal citations omitted).

## ARGUMENT

### I. <u>Plaintiff failed to state a claim for §1983 First Amendment Retaliation.</u>

"To state a First Amendment retaliation claim, [plaintiff] must allege that: (1) [he] engaged in activity protected by the First Amendment; (2) [he]suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity [he] engaged in was at least a motivating factor for the retaliatory action." *Williams v. City of Chicago*, 2022 U.S. Dist. LEXIS 154948, *9-10, 2022 WL 3716214 (N.D. Ill. Aug. 29, 2022) (quoting *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017)). However, a public employee's speech is only protected under the First Amendment if the speech was made as a private citizen and not in the capacity of their public service, the speech was on a matter of public concern, and the plaintiff's interest in expressing their speech was not outweighed by the "state's interests as an employer in promoting effective and efficient public service." *Id.* at *10 (quoting from *Lett v. City of Chicago*, 946 F.3d 398, 400 (7th Cir. 2020)).

A. Plaintiff's claim fails because his speech was not made as a private citizen.

Plaintiff did not plead a First Amendment Retaliation claim as a public employee, because the subject speech was not made as a private citizen. Whether the speech was made as a private citizen or in their public employee capacity rests on whether the speech is "pursuant to [their] official duties[,]" and if the speech "owes its existence to a public employee's professional responsibilities." *Lett*, 946 F.3d at 400 (quoting from *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)). In analyzing *Lett* with other related cases, the court found no First Amendment claim based on the conclusion that plaintiff acted in a manner different than required within his job duties or responsibilities. *See id.* at 401 (internal cites omitted). Additionally, the Seventh Circuit has held that certain speech falls outside First Amendment protections where the "speech involves matters that directly affect their area of responsibility." *Haynam v. City of Chicago*, 2026 U.S. Dist. LEXIS 16869, *7, 2026 WL 242267 (N.D. Ill. Jan. 29, 2026)(dismissing First Amendment retaliation claim for not meeting the first prong of speech made as a private citizen)(citing to *Ulrey v. Reichhart*, 941 F.3d 255, 259-60 (7th Cir. 2019)). Significantly, the court in *Hayman* pointed to a case where reporting misconduct by a superior, including improper use

of school funds, was not protected under the First Amendment, even when such reporting is not included in the plaintiff's job description or responsibilities. *Id.,* citing to *McArdle v. Peoria Sch. Dist. No. 150,* 705 F.3d 751, 753-754 (7th Cir. 2013).

Similarly here, merely because Plaintiff proffers his October 8 and February 5 statements as his own opinion as to the impact on public safety with the transfer of the EM program from CCSO to the Office of the Chief Judge, it does not negate the basis of his knowledge or perspective in making the speech. *See generally* Compl. ¶¶25-40, 48-53. Plaintiff's conclusory allegations that he is a concerned citizen as a resident of Cook County, and on behalf of his friends and family, is not sufficient to support this claim. *Id.* ¶¶27-30; compared to *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)((“legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth.”)(*citing Iqbal,* 556 U.S. at 678)). Plaintiff was aware of the underlying information due to his public service employment. *See generally* Compl.

As pled, Plaintiff's speech about the EM unit, how it works and in relation to Dart's and other CCSO Executive staff statements, is reasonably known due to his employment there – not as a private citizen. Compl. ¶¶17-19, 31-40. Plaintiff provided no basis as a private citizen as to how public safety would be affected otherwise. *Id.* ¶¶31-40, 48-49, 53. Moreover, Plaintiff's speech on February 5 was directly linked to the knowledge he had in his official capacity, as what he relayed to Commissioner Aguilar was learned at his CCSO training from Gigler on January 15, 2025. *See id.* ¶¶45-55. Plaintiff's belief that Dart's statements were perjury is likened to *Hayman*'s application of *McArdle.* Reading Plaintiff's allegations in whole, it is clear his speech was made in his capacity as a public employee and not a private citizen, as he would not have known this information, or had this “opinion” to express such speech but for his public employment with CCSO. As such, Plaintiff's Complaint does not allege that the speech his First Amendment claim relies on was made as a private citizen, and this claim should be dismissed.

B. Plaintiff did not plead a *Monell* First Amendment Retaliation claim.

Plaintiff's Complaint broadly asserts a First Amendment Retaliation claim via §1983 against "all Defendants," which thus includes Defendant CCSO and Defendant Sheriff Dart in his official capacity. *See generally* Compl. "Count I." This claim against Defendant CCSO and Sheriff Dart must be dismissed for failure to plead sufficient allegations to support a *Monell* claim against a municipal entity. A municipal entity cannot be liable in a §1983 lawsuit unless Plaintiff shows his constitutional rights were violated as the result of an official custom, policy, or practice; and a claim against a government employee acting in his official capacity is the same as the suit against the municipality. *Monell v. Department of Social Serv.,* 436 U.S. 658, 691 (1978); *Sanders v. Sheahan,* 198 F.3d 626, 629 (7th Cir. 1999), *respectively.* To establish such a claim, Plaintiff must show "(1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority…; which (3) was the proximate cause of his injury." *Ovadal v. City of Madison,* 416 F.3d 531, 535 (7th Cir. 2005)(quoting *Ineco v. City of Chicago,* 286 F.3d 994, 998 (7th Cir. 2002)).

It is "well-established that [a plaintiff] must do more than simply rely upon his own experience to invoke *Monell* liability." *See Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017). On the contrary, a *Monell* claim must plausibly allege conduct that is "so persistent and widespread as to practically have the force of law." *Bridges v. Dart*, 950 F.3d 476, 479–481 (7th Cir. 2020). A "practice is not widespread if it took place two, three, or four other times." *Hamilton v. Oswego Cnty., Unit Sch. Dist. 308,* 2021 U.S. Dist. LEXIS 36408 (N.D. Ill. 2021)(internal cite omitted). Even allegations where some misconduct was done by supervisory personnel, nor various types of misconduct over a period of time, does not infer a widespread practice, but is pure speculation. *Hower v. Cook County Sheriff's Office*, 2016 U.S. Dist. LEXIS 18322, *4-6, 2016 WL 612862 (N.D. Ill. Feb. 16, 2016)(dismissing §1983 *Monell* claims,

[*including First Amendment retaliation*], against the Sheriff's Office where conclusory allegations against the "Cook County Sheriff's Office and its respective agencies" was too vague).

Plaintiff's Complaint clearly does not allege a widespread practice or custom as to a *Monell* claim. *See generally* Compl. In this count, Plaintiff summarily concludes that "Defendants cannot provide a non-retaliatory reason" for the alleged adverse acts of de-deputizing him, making him a janitor, or his eventual termination. *See id.* ¶84-85. Such a conclusion as to *all* Defendants is not sufficient to support a claim, *see McCauley,* 671 F.3d at 616, nor are the Individual Defendants merely liable pursuant to this allegation mirrored against their employer, Defendant CCSO. *See Monell.*, 436 U.S. at 691(government entity cannot be liable for unconstitutional acts of employees simply based on *respondeat superior* theory of liability). Plaintiff has no allegations as to a wide-spread policy or practice, and only relies on allegations relating to himself. *See* Compl. Moreover, his group allegations as to *all* Defendants is not sufficient to support a *Monell* claim. *See Johnson v. Cook Cty. Sheriff's Office*, 2018 U.S. Dist. LEXIS 80592, *7-8, 2018 WL 2193235 (N.D. Ill. May 14, 2018) (individual misconduct by certain employees does not show a "*widespread practice*" through the whole organizational body)(citing to *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (emphasis in original)). Thus, any *Monell* claim against Defendant CCSO or Sheriff Dart should be dismissed.

C. Plaintiff failed to plead personal involvement by each Individual Defendant.

It is well-settled law that "Section 1983 liability is premised on the wrongdoer's personal responsibility." *See, e.g., Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). This requires the plaintiff to show that each individual defendant he brings the claim against, "caused or participated in the alleged constitutional deprivation." *Id.* (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Plaintiff needs to allege what conduct by each defendant personally violated his rights. *See Mitchell v. Elec. Beach Tanning Salon Ltd.,* 2019 U.S. Dist. LEXIS 36561, *7, 2019 WL 1077127 (N.D. Ill. Mar. 17, 2019)(where the Court directed plaintiff for a more definite statement under Rule 12(e) in response

to defendants' Rule 12(b)(6) motion to dismiss, citing to *Collins v. Illinois*, No. 03-3159, 2006 U.S. Dist. LEXIS 89315, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (insufficient notice when unable to ascertain which of the plaintiff's claims applied to each individual defendant them)). *See also Outley v. City of Chi.*, 407 F. Supp. 3d 752, 765 (N.D. Ill. 2019) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008))("Vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," are insufficient.). More significantly, in First Amendment retaliation claims, "a plaintiff must demonstrate that the retaliatory action came "close on the heels of the protected expression" and that *the person who imposed* the adverse action *knew of* that protected expression." *Wheeler v. Piazza*, 364 F. Supp. 3d 870, 879, 2019 U.S. Dist. LEXIS 34706, *10, 2019 WL 1045133 (N.D. Ill. Mar. 5, 2019) (emphasis added and internal case cites omitted).

Of the Individual Defendants, Morales, Pineda, Harris, Ruffin, Collins, or even Sheriff Dart, Plaintiff's Complaint includes no allegations of conduct by any one of them individually that initiated his alleged adverse action. *See* Compl. Plaintiff alleges Pineda, informed him he would soon be de-deputized, but Plaintiff in fact does not allege anyone who actually de-deputized him. *See id.* ¶59-60, *compared to* ¶63. Plaintiff also does not allege *who* made the decision to de-deputize him or "forced [him] to be a janitor." *See id.* ¶64-65, 72. Thus, Plaintiff has not sufficiently alleged any personal involvement against any of the Individual Defendants as it relates to his First Amendment retaliation claim. This claim should be dismissed against them.

**II. Plaintiff's Illinois Whistleblower Act claim is deficient and must be dismissed.**

Plaintiff's IWA retaliation claim in Count II relies on Sections 174/15(a) and 174/20.1. *See* Compl. ¶¶91-92, *citing to* 740 ILCS 174/15(a), 740 ILCS 174/20.1. While this count brings Illinois state law claims, federal law and guidance is utilized for interpreting statutes that are analogous to federal ones. *See Williams v. City of Chicago,* 2022 U.S. Dist. LEXIS 154948, *20, 2022 WL 3716214 (N.D.Ill. Aug. 29, 2022)(citing to *Lau v. Abbott Laboratories*, 2019 IL App (2d) 180456, ¶ 38, 431 Ill. Dec. 523,

127 N.E.3d 1056, 1066 (explaining that Illinois courts utilize federal law to interpret such claims [*like IWA retaliation*], that are analogous to federal statutes). Applying such analysis, Plaintiff's IWA retaliation claim fails and should be dismissed.

A. <u>Plaintiff failed to allege an IWA retaliation claim under the statutes he relies on.</u>

Retaliation under Section 15(a) requires Plaintiff to show: "(1) an adverse employment action by [his] employer, (2) which was in retaliation for (3) [his] disclosure in a court, an administrative hearing, before a legislative committee or in any other proceeding (4) of a suspected violation of an Illinois or federal law, rule, or regulation." *Strzykalski v. Bd. of Educ. of Summit Hill Sch. Dist. 161,* 2024 U.S. Dist. LEXIS 202080, *11, 2024 WL 4694066 (ND Ill Nov 6, 2024)(citing to *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15, 413 Ill. Dec. 835, 79 N.E.3d 184.). Section 20.1 covers other retaliation: "Any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliatory action by an employer under this Act if the act or omission would be materially adverse to a reasonable employee …" 740 ILCS 174/20.1.

i. <u>Plaintiff's alleged disclosure is not protected by the IWA</u>

Section 15(a) protects disclosures of information in a court, administrative hearing, or a legislative commission or committee, regarding "information related to an activity, policy, or practice of the employer," that the plaintiff believes in good faith violates state or federal law, rule or regulation. 740 ILCS 174/15(a). "Proceeding refers to "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment" or "[a]ny procedural means for seeking redress from a tribunal or agency." *Brown v. Elem. Sch. Dist. 159*, 2019 IL App (1st) 172590-U, ¶31 (Ill. App. 2019 March 20, 2019) (citing to *Black's Law Dictionary* (10th ed. 2014)). Protected disclosures under IWA retaliation require the actual reporting of a suspected violation of state or federal law to legal authorities; not internal disclosures to their employers. *See Barzi v. Fermi Rsch. All., LLC*, 2026 U.S. Dist. LEXIS 96351, *56-57, 2026 WL 1194748 (N.D. Ill. May

1, 2026)(citing to *Bello v. Vill. of Skokie*, 151 F. Supp. 3d 849, 865 (N.D. Ill. 2015) (to state a claim under the IWA, "the employee must do more than merely voice his suspicion of unlawful conduct-[s]he must actually report the suspected violation of state or federal law to authorities.")(additional internal cites omitted)).

Plaintiff's Complaint relies on his October 8, 2024 speech at the "*local meeting*" and his February 5, 2025 *phone conversation* with Commissioner Aguilar. Compl. ¶25, 48-51 (emphasis added). Moreover, Plaintiff sharing his position at the October 8 meeting is not informing of a violation of state or federal law, rule, or regulation, nor does his February 5 conclusory allegation of Dart's perjury constitute a proper disclosure under Section 15. *See Brown,* 2019 IL App (1st) 172590-U at ¶29 (disclosure to a school board members at a Board meeting is not a "proceeding" under the IWA); *Barzi*, 2026 U.S. Dist. LEXIS 96351, *56-57, *supra;* see also *Cox v. UPS*, 2026 U.S. Dist. LEXIS 80180, *24, 2026 WL 986186 (N.D. Ill. April 13, 2026)(dismissing an IWA claim on grounds that it was insufficiently plead where plaintiff "reported safety violations" was a conclusion and not supported by alleged facts).

Plaintiff's retaliation claim fares no better under Section 20.1, as the Courts have concluded this section more accurately encompasses the definition of acts or omissions by an employer constituting 'retaliation,' and not broadening the scope of protected activities, nor providing an additional cause of action basis. *See Svec v. City of Chicago*, 2024 IL App (1st) 230893, ¶75, 259 N.E.3d 844, 856-857 (citing to *Blisset v. City of Chicago*, 2024 IL App (1st) 230734-U, ¶35-37, 2024 WL 1254956 (Ill.App. Mar. 5, 2024)). For these reasons, Plaintiff's IWA claim should be dismissed because he does not rely on a requisite disclosure.

ii. <u>Plaintiff did not suffer an adverse act.</u>

Plaintiff also has not alleged he suffered an adverse action pursuant to anti-retaliatory standards, and therefore, this claim should be dismissed on this ground. To be actionable under the IWA, retaliation must be "materially adverse." 740 ILCS 174/20.1; *Elue v. City of Chicago*, No. 16 CV

9564, 2017 WL 2653082, at *5 (N.D. Ill. June 20, 2017). Under the IWA, "materially adverse," is consistent with the federal anti-retaliation statutes' standard, that "a reasonable employee would find to be *materially* adverse such that the employee would be dissuaded from engaging in the protected activity." *Elue*, 2017 WL 2653082, at *5; *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 889 (7th Cir. 2016). The alleged retaliation must produce an actual *injury* (*Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009)), that is, "one that significantly alters the terms and conditions of the employee's job." *Owens v. Dep't. of Hum. Rts.*, 403 Ill. App. 3d 899, 919 (1st Dist. 2010). Adverse actions thus include things "such as hiring, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Owens*, 403 Ill. App. 3d at 919. The law is clear, however, that "not everything that makes an employee unhappy is an actionable adverse action." *Id.* at 919-20. Alternatively, the U.S. Supreme Court recently concluded that such adverse act need not be "significant" to support such a claim in a more lenient view of determining an adverse employment act for retaliation. *Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 355, (2024).

Lateral transfers are generally not adverse unless the circumstances support otherwise. *Koty v. Du Page County*, 900 F.3d 515 (7th Cir. 2018); *Stieglitz v. City of Chicago*, 2025 U.S. Dist. LEXIS 141195, *11, (N.D. Ill. July 23, 2025)("transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects[]" could be considered adverse) (quoting from *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453-54 (7th Cir. 2011)). Pending discipline, by itself, does not present any injury sufficient to state a retaliation claim. *Lewis v. Wilkie*, 909 F.3d 858, 870 (7th Cir. 2018); *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016); *Outley v. City of Chicago*, 354 F. Supp. 3d 847, 869 (N.D. Ill. 2019) (*pending* discipline did not present tangible injury for purposes of retaliation claim). Moreover, suspensions that are not served, with no tangible job consequences, do not support a retaliation claim.

*Whittaker v. N. Illinois Univ.,* 424 F.3d 640, 647 (7th Cir. 2005)("Simply put, a suspension without pay that is never served does not constitute an adverse employment action.")

While Plaintiff alleges he was de-deputized on February 11, 2025, there are no allegations that support how his job duties changed from before. Compl. ¶63. Plaintiff's notification of impending de-deputizing and being informed on August 28, 2025 of a 21-day suspension for a sustained disciplinary investigation, cannot be adverse because the notifications alone of pending discipline are not sufficient; additionally, Plaintiff's facts do not support he had to serve the actual 21-day suspension without pay. *Id.* ¶58-65, 68, 71-72.; compared to *Outley*, 354 F. Supp. 3d at 869 and *Whittaker,* 424 F.3d at 647, *supra.* While Plaintiff's transfer as a janitor/ laborer, or even the clerical position, *could be* considered adverse, his claim still fails because he did not make a statutory disclosure, nor is such action causally connected to show retaliation. *Id.* ¶62-65, 68; compared to *supra* at II(A)(ii) and *infra* at II(A)(iii). Therefore, Plaintiff did not allege he suffered an adverse employment action, and this claim should be dismissed on this basis.

iii. <u>A causal connection has not been alleged to infer causation.</u>

Moreover, Plaintiff's IWA retaliation claim fails because he has not pled that the alleged adverse action was done in retaliation by someone who knew of or because of his alleged protected activity, along with an absence of a temporal relationship. While a temporal relationship alone may be sufficient to infer a causal connection, courts have found that even a three-month gap between protected activity and alleged adverse acts does not support an IWA retaliation claim. *See Barzi*, 2026 U.S. Dist. LEXIS 96351, *58, (internal cite omitted)*;* compared to *Vasquez v. City of Chicago,* 2022 U.S. Dist. LEXIS 257838, *27-28, 2022 WL 23035219 (N.D. Ill. Sept. 22, 2022)(dismissing an IWA retaliation claim for lack of causal connection based on an 8-month gap, citing to cases confirming 3 to 6-months' gaps were too significant).

Plaintiff's IWA claim rests on his alleged report of perjury by Sheriff Dart to commissioners on October 8, 2024 and February 5, 2025, and him being faced with retaliation thereafter. Compl. ¶¶25, 48-50; 59-73. The alleged retaliation did not occur until mid-February 2025 at the earliest, and August 2025. *See id.* Even if these were adverse acts, (*they are not*), this claim fails due to the lack of causation. Compl. ¶¶63-72. There is no causation nor temporal relationship between Plaintiff's October 8 participation at the Commissioner's local meeting, to his de-deputizing and reassignment in mid- February 2025, as a gap of four-months is too long to infer causation. *See generally* Compl.; compared to *Vasquez*, 2022 U.S. Dist. LEXIS 257838, *27-28. The same applies to the October 8 local meeting being the basis for the 21-day suspension finding in August, as well as the near 6-month gap from the February 5 Commissioner phone call to the August finding. *See id.* While the February 5 phone call *may infer* a temporal relationship to the mid-February decisions, there is no causal connection to Plaintiff's protected activity without a conclusory assumption. The Complaint is void of allegations that suggest the decision-maker of his de-deputizing, assignment change, nor investigative finding, *nor any of the Defendants*, were aware of his alleged protected activities. *See* Compl.; compared to *Mingo v. Roadway Express, Inc.,* 135 F. Supp.2d 884, 903 (N.D.Ill. 2001)("A critical issue in determining whether there is a causal connection is 'whether the person who made the decision… was aware of the discrimination allegations at the time…' In fact, the Seventh Circuit has stated that absent such knowledge on the part of the decision-maker, a plaintiff lacks a causal link …")(internal citations omitted)). Plaintiff alleges vaguely, he continued to speak out and was then retaliated against. *Id.* ¶63-68. It is unreasonable to assume or infer that an act occurred in retaliation prior to the protected activity, and Plaintiff cannot rely on mere conclusory allegations to support causation. *Iqbal*, 556 U.S. at 678. Without a causation element, Plaintiff's claim fails and should be dismissed.

B. <u>The Defendants are protected by immunity under the Illinois Tort Immunity Act ("TIA").</u>

The IWA claim against the Individual Defendants must be dismissed because they are protected by qualified immunity. "[A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Individuals can be held liable when they are acting on behalf of the employer in their capacity of authority, such as being a superior to the plaintiff and having final decision-making power, however, that is not alleged here by Plaintiff. *See Wheeler v. Piazza,* 364 F. Supp. 3d 870, 877 (N.D.Ill. 2019); *Hernandez v. Cook County Sheriff's Office*, 2014 U.S. Dist. LEXIS 45956, *8-9, 2014 WL 1339686 (N.D. Ill. April 3, 2014)(citing to 740 ILCS 174/5) and *Parker v. Ill. Human Rights Comm'n*, 2013 U.S. Dist. LEXIS 153881, 2013 WL 5799125, *9-10 (N.D. Ill. Oct. 25, 2013); *compared to* Compl.

Plaintiff has failed to state an IWA claim against the Individual Defendants by relying solely on the proposition of "Defendants" throughout this Count, which is insufficient as Plaintiff must identify which defendants' conduct he brings his allegations against. *See generally* Compl.; compared to *supra* at I(C) and *Mitchell,* 2019 U.S. Dist. LEXIS 36561 at *7, *supra.* The alleged adverse acts Plaintiff relies on are: February 5 reassignment, February 11 de-deputizing, and the 21-day suspension Plaintiff was made aware of on August 28, 2025; these are discretionary decisions for which Individual Defendants are entitled to qualified immunity. *See generally* Compl.

Here, Plaintiff has provided no allegations as to each of the Individual Defendants being in any position or level of superiority or authority over him, nor any allegations of them individually enforcing the adverse act(s) he relies on. *See generally* Compl. Applying TIA Section 2-201, this District has routinely held that hiring, firing, and disciplinary decisions of public employees inherently involve discretion. *Consolino v. Dart*, No. 17 CV 9011, 2019 WL 4450498, at *10 (N.D. Ill. Sept. 17, 2019) ("[m]unicipal decisions regarding the hiring, firing, discipline, and supervision of employees are discretionary policy decisions."); *Brooks v. Daley*, 2015 IL App (1st) 140392, ¶ 28 (affirming dismissal

of claim challenging dismissal of fire commissioner based on discretionary immunity). Additionally, pursuant to Section 2-109, the CCSO is likewise immune where its employee is not liable. 745 ILCS 10/2-109. Therefore, Count II should additionally be dismissed with prejudice on the basis that all Defendants are protected by immunity.

C. Plaintiff's IWA claim is time-barred to any adverse action prior to February 2025.

Lastly, any adverse act Plaintiff alleges that occurred prior to February 10, 2025 is time-barred. Any civil act for torts seeking damages against the government and its agents or employees must be filed within one year under the Illinois TIA. 745 ILCS 10/8-101; *Taylor v. Bd. of Educ. of City of Chicago*, 2014 IL App (1st) 123744, ¶46 (IWA); *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 731, 734 (N.D. Ill. 2014) (IWA and negligence); IWA claims are subject to the TIA's one-year period of limitations. *Elue*, 2017 WL 2653082, at *5; *Padilla v. Cnty. of Cook*, 100 F. Supp. 2d 1145, 1146-47 (N.D. Ill. 2000).

The Complaint filed February 10, 2026, broadly concludes in the "Nature of the Action" introductory portion, Plaintiff "was retaliated against, punished for speaking truth to power, for observing and exposing perjury, and for exercising his constitutional rights." Compl. p.3. Plaintiff continued to include factual allegations regarding instances that occurred dating back to 1999 when he held the position as an Investigator, along with an investigation in 2019 when he reported to Individual Defendants Ruffin, Collins, Pineda and Harris. *Id.* ¶17-21. Subsequent to that, Plaintiff alleges he was subjected to a pattern of retaliatory disciplinary acts. *Id.* ¶24. To the extent Plaintiff's current claims for retaliation under the IWA seek to rely on conduct that occurred prior to February 10, 2025, one year prior to this lawsuit, it is time-barred.

**III. Plaintiff's Illinois Records Review Act ("Act") claim must be dismissed.**

Count III should be dismissed for lack of sufficient pleading for a claim under the Act.

A. Plaintiff did not sufficiently state a claim under the Act.

Count III simply cites *a portion of* the statute, stating: "If either the employer or the employee knowingly places in the personnel record information which is false, the employer or employee,

whichever is appropriate, shall have remedy through legal action to have that information expunged." Compl. ¶98; *citing to* 820 ILCS 40/6. Repeating elements or legal conclusions are insufficient to state a claim. *McCauley,* 671 F.3d at 616(*citing Iqbal,* 556 U.S. at 678). Plaintiff's recitation of portions of the statute is not sufficient to survive a motion to dismiss where the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *CB Sports Bar, Inc.*, 623 F.3d at 1146 (internal citations omitted).

Plaintiff summarily concludes false writeups were placed in Plaintiff's personnel file in February 2024 by [all] Defendants, and therefore they must be expunged based on the statue. *Id.* ¶97, 99. Count III merely states "defendants placed" the false records in the file, and then that "Defendant must" expunge the records, making it very unclear as to whom Plaintiff actually brings this claim. *See id.* Count III. "Naked assertions" also do not survive dismissal when they are without "further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Plaintiff thus has not stated a claim under this statute. *See also Edwards v. Ill. Dep't of Fin. & Prof'l Regulation*, 2011 IL App (1st) 103214-U, ¶9-11; 2011 WL 10071981 (affirming dismissal of claim for expungement of records under the Act by injunction where plaintiff merely alleged the employer placed "false, negative items" in her personnel file without further specification or how exactly it harmed her employment opportunities, which were mere opinions or conclusions not sufficient to support an injunction.)(citing to *In re Marriage of Centioli*, 335 Ill. App. 3d 650, 658, 781 N.E.2d 611, 269 Ill. Dec. 814 (2002)).

As such, Count III should be dismissed in whole against all Defendants for failure to sufficiently plead a claim.

B. <u>Plaintiff did not exhaust his claim under the Act.</u>

Count III should be dismissed in whole also on the ground that Plaintiff failed to exhaust his remedies under the Act. Employees are to exhaust their administrative remedies under the Act, which dictates that the Director of the [Illinois] Department of Labor is the enforcer of the Act. *See Anderson*

*v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 870 (N.D. Ill. 2001); *citing to* 820 ILCS 40/12. The court in *Anderson* analyzed the "Administration and Enforcement of the Act" subsections highlighting that "section 12(c), which premises an employee's right to "commence an action in the circuit court to enforce the provisions of this Act" on the failure of the "efforts to resolve the employee's complaint . . . pursuant to subsection (b)" and the Department of Labor's decision not to commence a lawsuit to redress the employer's violation[,]" inherently means prior action through the Department of Labor is a prerequisite. *Id.* (dismissing a complaint for claims under the Act, concluding that "attempted resolution through the Department of Labor be a prerequisite to filing a claim in court."). Plaintiff's Complaint includes no allegations regarding such action before the Department of Labor. *See generally* Compl. As such, Count III fails to allege he has exhausted his administrative remedies under the Act, and should be dismissed against all Defendants with prejudice unless Plaintiff can allege in good faith he meets this requirement.

## IV. PUNITIVE DAMAGES MUST BE STRICKEN.

Plaintiff's request for punitive damages against Defendant CCSO must be dismissed as a matter of law, as a municipality entity is immune from punitive damages in Plaintiff's §1983 and Illinois claims. *Senne v. Vill. of Palatine*, 2013 U.S. Dist. LEXIS 1271, *5, 2013 WL 68703 (cite omitted)(municipality is immune from punitive damages in 42 U.S.C. §1983 action.); *Brummel v. Grossman*, 2018 IL App (1st) 170516, (Ill. App. Ct. 2018) ("[IWA] does not provide for punitive damages,"); *Burns v. Cineplex Odeon,* 1996 U.S. Dist. LEXIS 12886 (N.D. Ill. Aug. 29, 1996) (affirming local public entities in Illinois are immune from punitive damages under the Illinois Tort Immunity Act)(internal cite omitted).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for any other relief the Court deems necessary and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: */s/ Emily R. Bammel*
Emily R. Bammel
Assistant State's Attorney
Conflicts Counsel Unit
50 W. Washington, Ste. 2760
Chicago, IL 60602
312-603-1426
Emily.Bammel@cookcountysao.org
***Counsel for Cook County Sheriff's Defendants***

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that a true and correct copy of the foregoing was caused to be served on all parties of record by means of the ECF filing system on July 20, 2026.

*/s/ Emily R. Bammel*
Emily R. Bammel